### 37939.   ROGERS *v.* THE STATE.

GARDNER, Presiding Judge.   Frank Rogers was convicted in that he did unlawfully "distill, manufacture, and make alcoholic liquors, spirituous liquors, whisky, and rum." His motion for new trial on the general grounds and two special grounds was denied.   It is to this judgment that the case is here for review.

The evidence showed substantially as follows: Deputy Sheriff C. E. Quick testified that he, along with Agent Harrison, Agent Pitts and Agent Gregory, found the defendant operating a still; that the defendant and E. J. Horton, who was also helping to operate the still, made no attempt to run when the officers approached; that on the date of the trial Agent Pitts and Agent Harrison were attending court in Pike County and could not, therefore, attend Monroe County court; that the still was in operation, running and liquor was being made at the same time the deputy sheriff and the other officers came to the still; that the officers destroyed it.

E. J. Horton, sworn for the defendant and mentioned herein above as having been indicted with him, testified that he himself operated the still; that the defendant was squirrel hunting and just passed by the still; that they said a few words to each other; that he told the defendant to hand him a bucket and when the defendant started to hand it to him the officer said "halt"; that the bucket was to be used to "take the stuff [mash] and pour it back over in the barrel."

The defendant made a statement to the effect that he had been hunting on the day the still was raided and that he was only sitting at the still talking to E. J. Horton when the officers came upon the scene.

The jury heard the evidence and determined that the defendant was guilty.   There is no merit in the general grounds of the motion.

Special ground 1 assigns error because the court charged the jury as follows: "The defendant is permitted to make to the court and jury such statement in his own behalf as he sees fit, his statement is not under oath, it is not subject to cross-examination, and you are authorized to give it such weight and credit only as you think it is entitled to receive. You may believe it in whole or in part, and you may believe it in preference to sworn testimony in the case and acquit the defendant."

In special ground 2 exception is made to the following excerpt: "I charge you that if you believe beyond a reasonable doubt that the defendant . . . at any time within four years prior to the date of the finding and returning of this bill of indictment into court by the grand jury, did, unlawfully and with force and arms, distill, manufacture and make alcoholic liquors, spirituous liquors, whisky and rum, then and in that event you would be authorized to find this defendant guilty as charged." When we read the charge as a whole it appears complete and not erroneous in any respect. The court charged further as follows: "If you believe from the evidence that this defendant, with others, was at this still, and if you believe . . . that the defendant was not engaged in, either directly or indirectly, nor was he aiding or abetting in the manufacturing of intoxicating liquors, then I charge you that the defendant would not be guilty of this charge contained in this indictment and you should acquit him." Therefore it will be seen that the court did not err in charging the two excerpts in which complaint is made in special grounds 1 and 2, in view of what was charged elsewhere as quoted above and other parts of the charge which we have not quoted. Special grounds 1 and 2 are not meritorious.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED OCTOBER 15, 1959.

*W. B. Mitchell,* for plaintiff in error.
*Hugh Sosebee, Solicitor-General,* contra.